**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cynthia Susan Mullin, | No. CV-15-01547-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Scottsdale Healthcare Corporation Long Term Disability Plan, et al., | |
| Defendants. | |

Before the Court is Defendant United of Omaha Life Insurance Company's ("Omaha") Motion to Dismiss Count II of Plaintiff's Complaint. (Doc. 20.) The motion is fully briefed, and the Court heard oral argument on January 4, 2016. For the following reasons, Defendant's motion is denied.

## **BACKGROUND**

This action arises under the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq*. (Doc. 1, ¶ 1.) Plaintiff Cynthia Mullin formerly worked as a nurse for Defendant HonorHealth. (*Id.*, ¶¶ 3, 18, 47.) She participated in and was a beneficiary of the Scottsdale Healthcare Corporation Long Term Disability Plan ("the Plan"), an ERISA benefit plan offering long-term disability ("LTD") benefits for HonorHealth's[1] employees. (*Id.*, ¶¶ 2-3.) Defendant Omaha insures and administers

---

[1] Scottsdale Healthcare ("SHC") merged with John C. Lincoln in 2013 to create HonorHealth in 2014. (Doc. 1, ¶¶ 3-4.) SHC first established, administered, and

1 the Plan's LTD benefits. (*Id.*, ¶¶ 8-9.)

2    In March 2014, Mullin was involved in a motor vehicle accident that aggravated her existing medical conditions. (*Id.*, ¶¶ 20, 31, 34, 36.) She applied for short-term disability ("STD") benefits, which Omaha approved. (*Id.*, ¶ 34.) After Mullin exhausted her STD benefits, Omaha reviewed her claim to determine whether she was eligible to transition to LTD benefits. (*Id.*, ¶ 37.) Omaha denied Mullin's claim in September 2014. (*Id.*) Mullin administratively appealed, and in June 2015, Omaha upheld its denial. (*Id.*, ¶¶ 40, 46.) Thereafter, HonorHealth terminated Mullin's employment because her leave had been exhausted and LTD benefits denied. (*Id.*, ¶ 47.)

   In her complaint, Mullin asserts four claims against the Plan, Omaha, and HonorHealth. Only Counts I and II require discussion. In Count I, Mullin alleges that Omaha and the Plan acted arbitrarily and capriciously in denying her LTD benefits, and seeks to recover those benefits pursuant to 29 U.S.C. § 1132(a)(1)(B). (*Id.*, ¶¶ 61-94.) Omaha concedes that Count I properly states a claim to relief under ERISA. (Doc. 20 at 2.) In Count II, Mullin alleges that Omaha breached its fiduciary duties in its handling of her LTD benefits claim, and seeks "other equitable relief . . . including but not limited to surcharge" pursuant to 29 U.S.C. § 1132(a)(3).[2] (*Id.*, ¶¶ 95-108.) Omaha moves to dismiss Count II because it is duplicative of Count I.

## LEGAL STANDARD

   When analyzing a complaint for failure to state a claim to relief under Federal Rule of Civil Procedure 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). To avoid dismissal, the complaint must plead sufficient facts to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

---

sponsored the Plan; HonorHealth now performs these functions. (*Id.*, ¶¶ 5-6.) The Court will refer only to HonorHealth throughout this order.

[2] Mullin also alleges that Omaha violated 29 U.S.C. § 1132(a)(2), but the parties stipulated to the dismissal of that claim. (Docs. 34, 36.)

- 2 -

# DISCUSSION

"The civil enforcement provisions of ERISA, codified in § 1132(a), are 'the exclusive vehicle for actions by ERISA-plan participants and beneficiaries asserting improper processing of a claim for benefits.'" *Gabriel v. Alaska Elec. Pension Fund*, 773 F.3d 945, 953-54 (9th Cir. 2014) (quoting *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 52 (1987)). Under § 1132(a)(1)(B), a plan participant may sue "to recover benefits due to [her] under the terms of [her] plan, to enforce [her] rights under the terms of the plan, or to clarify [her] rights to future benefits under the terms of the plan." Section 1132(a)(3) allows a plan participant to bring a civil action: "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." A plaintiff asserting a fiduciary misconduct claim under § 1132(a)(3) must allege "both (1) that there is a remediable wrong, *i.e.*, that the plaintiff seeks relief to redress a violation of ERISA or the terms of a plan, and (2) that the relief sought is appropriate equitable relief." *Gabriel*, 773 F.3d at 954 (internal quotations and citations omitted). Additionally, "actual harm must be shown." *CIGNA Corp. v. Amara*, 563 U.S. 421, 444 (2011).

"Section 1132(a)(3) is a 'catchall' or 'safety net' designed to 'offer[] appropriate equitable relief for injuries caused by violations that [§ 1132] does not elsewhere adequately remedy." *Wise v. Verizon Commc'ns Inc.*, 600 F.3d 1180, 1190 (9th Cir. 2010) (quoting *Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996)). Thus, "a claimant cannot pursue a breach-of-fiduciary duty claim under [§ 1132(a)(3)] based solely on an arbitrary and capricious denial of benefits where the [§ 1132(a)(1)(B)] remedy is adequate to make the claimant whole." *Rochow v. Life Ins. Co. of N. Am.*, 780 F.3d 364, 371 (6th Cir. 2015). A claimant may simultaneously bring claims under both sections "only where the breach of fiduciary duty claim is based on an injury separate and distinct from the denial of benefits or where the remedy afforded by Congress under [§ 1132(a)(1)(B)] is otherwise shown to be inadequate." *Id.* at 372.

**I. Distinct and Separate Injury**

Mullin bases her § 1132(a)(3) fiduciary misconduct claim on the following allegations:

> 99. . . . . Omaha's arbitrary and capricious claims handling generally constitutes a breach of fiduciary duty, because Omaha's claims handling was discharged imprudently . . . .
>
> 100. . . . Omaha instructs and/or incentivizes certain employee(s) to terminate fully insured LTD claims and appeals based on bias. . . .
>
> 101. Omaha . . . wrongfully withheld Ms. Mullin's benefits for its own profit.
>
> 102. . . . Omaha sought an [independent medical examination ("IME")] on appeal and used the IME as a justification for 'tolling' deadlines under ERISA. . . . Omaha did not even attempt to complete a timely review within . . . 45 days. . . .
>
> 103. Omaha acted with malice and in bad faith against Ms. Mullin due to her 'job stress,' which constitutes a violation of its fiduciary duty.

(Doc. 1, ¶¶ 99-103.)

As pled, this claim is not based on an injury distinct and separate from Count I. There is no meaningful difference between the harm Mullin suffered as a result of Omaha's alleged fiduciary misconduct and the harm she suffered as a result of being denied benefits. Mullin alleges that "[a]s a direct and proximate result of the breaches of fiduciary duty, [she] suffered actual, significant financial harm and has incurred financial expense." (*Id.*, ¶ 105.) This can be true, however, only if Mullin is entitled to benefits. For example, Omaha's use of an IME could not have resulted in financial harm if Mullin ultimately was rightfully denied benefits. The same is true for the remaining allegations, all of which concern the manner in which Omaha processed Mullin's claim. Assuming that Omaha's actions constitute fiduciary misconduct, Mullin has not alleged resulting harm that is separate and distinct from the denial of benefits itself.

Mullin conflates distinct *relief* and distinct *harm*. For example, she asserts that she "may be entitled to enjoin United's breaching conduct and violations of ERISA, and injunctive relief is not available under [§ 1132(a)(1)(B)]." (Doc. 33 at 7.) However, the unavailability of relief under § 1132(a)(1)(B) goes to the adequacy of the remedy

- 4 -

afforded by Congress, not to whether the fiduciary breach caused a separate and distinct injury. Moreover, to obtain injunctive relief, Mullin will need to show that she has suffered an actual and irreparable injury. *See Brady v. United of Omaha Life Ins.*, Co., 902 F. Supp. 2d 1274, 1281 (N.D. Cal. 2012) (citing *eBay v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006)). If Mullin is not entitled to benefits, she will be unable to show an actual and irreparable injury resulting from Omaha's processing of the claim.

As alleged, Mullin's breach of fiduciary duty claim depends on the success of her claim for wrongfully denied benefits; if she is unsuccessful on Count I, then Count II necessarily fails because she has not alleged separate and distinct harm. Thus, Mullin may simultaneously pursue Counts I and II only if she has plausibly alleged that the remedies available under § 1132(a)(1)(B) or elsewhere in ERISA are inadequate to make her whole.

**II. Adequacy of Relief**

Equitable relief under § 1132(a)(3) is limited to "those categories of relief that were *typically* available in equity (such as injunction, mandamus, and restitution, but not compensatory damages)." *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 256-259 (1993). Moreover, "where Congress provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate.'" *Varity*, 516 U.S. at 515. At issue, then, is whether Mullin's § 1132(a)(3) claim seeks non-equitable relief, such as money damages, or relief duplicative of a remedy provided for elsewhere under ERISA. *See Braun v. USAA Grp. Disability Income*, 2014 WL 3339795, at *3 (D. Ariz. July 8, 2014); *see also Rochow*, 780 F.3d at 373 ("Impermissible repackaging is implicated whenever, in addition to the particular adequate remedy provided by Congress, a duplicative or redundant remedy is pursued to redress the same injury.").

Mullin seeks four types of relief for her breach of fiduciary duty claim: (1) prejudgment interest on the benefits to which she claims she is entitled; (2) attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g); (3) an injunction prohibiting "any act or

practice by Omaha, which violates ERISA or the Plan"; and (4) a surcharge.[3] (Doc. 1, ¶¶ 97, 106-108.)

### A. Prejudgment Interest and Attorneys' Fees

Mullin cannot bring a separate breach of fiduciary duty claim under § 1132(a)(3) to recover prejudgment interest because the Court already has discretion to award prejudgment interest on the benefits to which she might be entitled. *See Rochow*, 780 F.3d at 376 ("Though ERISA does not address the propriety of awarding prejudgment interest, prejudgment interest may be awarded in the discretion of the district court." (internal citation and quotation omitted)). Nor can Mullin bring a separate breach of fiduciary duty claim to recover attorneys' fees, which are explicitly provided for in § 1132(g).

### B. Injunctive Relief

Injunctive relief is not money damages. At issue, then, is whether Mullin's requested injunctive relief is duplicative or redundant of a remedy provided for elsewhere. Although the complaint does not specify the injunctive relief sought,[4] Mullin argues in her response brief that she is entitled to an injunction preventing Omaha from "engaging [in] post-appeal evaluations that a plaintiff cannot respond to before final denial," "relying on information not previously disclosed as relevant to a plaintiff," and "using the same biased reviewers who are routinely employed for the purpose of denying claims." (Doc. 33 at 7.)

Preliminarily, Mullin cannot seek to enjoin activity on behalf of other similarly

---

[3] Although Mullin also generically requests "other appropriate equitable relief that is traditionally available in equity," (Doc. 1, ¶ 108), this request does not comply with Fed. R. Civ. P. 8(a)(3). Moreover, to state a claim to relief under § 1132(a)(3), Mullin must allege both that a breach of fiduciary duty occurred and that the relief sought is appropriate equitable relief. *See Gabriel*, 773 F.3d at 954. Thus, to plead an essential element of her claim, Mullin must identify the specific equitable relief she seeks. Otherwise, Omaha and this Court cannot determine whether the requested relief is appropriate. The Court, therefore, will limit its analysis to only those forms of relief that Mullin specifically identifies in her complaint.

[4] Instead, Mullin claims that she is entitled to "enjoin any act or practice by Omaha, which violates ERISA or the Plan . . . ." (Doc. 1, ¶ 107.)

situated plan participants because she has not brought a class action lawsuit. Mullin cites no authority permitting her to seek relief on behalf of other plan participants. "Indeed, the only ERISA cases that directly address whether a plaintiff can assert the rights of similarly situated parties . . . have been in the context of class action certifications." *Brady*, 902 F. Supp. 2d at 1284 (citing *In re First Am. Corp. v. ERISA Litig.*, 263 F.R.D. 549 (C.D. Cal. 2009); *In re Syncor ERISA Litig.*, 227 F.R.D. 338 (C.D. Cal. 2005)). Nor does Mullin have Article III standing to pursue injunctive relief on behalf of third parties. *See Powers v. Ohio*, 499 U.S. 400, 410 (1991) ("[A] litigant must assert . . . her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interest of third parties . . . ."). Further, § 1132(a)(2) provides an avenue for remedying injuries to the Plan as a whole. *See Wise*, 600 F.3d at 1189.

To the extent Mullin might have future interactions with the Plan, such as periodic reevaluations of her disability status, her claim may be viewed as seeking an injunction on her own behalf. Omaha argues that injunctive relief is inappropriate because Mullin may raise claims handling issues in the context of a § 1132(a)(1)(B) claim for retroactive reinstatement of benefits. (Doc. 40 at 7.) The Court disagrees. Although Mullin may raise claims handling issues as part of a § 1132(a)(1)(B) claim, she alleges that recovery of retroactive benefits is inadequate to make her whole because delayed recovery results in additional financial harm, such as credit damage, late fees, interest, and other penalties on past due debts. (*See* Doc. 1, ¶ 99.) Thus, Mullin seeks to enjoin future improper claims handling activities that may lead to wrongful denials in order to prevent future delays in payments. Omaha has not shown that injunctive relief is available to Mullin under § 1132(a)(1)(B) or that, as a matter of law, retroactive reinstatement of benefits is always an adequate remedy. Accordingly, because Mullin's requested injunctive relief is not wholly duplicative of the remedies available under § 1132(a)(1)(B), she may pursue her fiduciary misconduct claim on this basis.[5]

---

[5] Omaha also argues that an injunction prohibiting Omaha from using biased reviewers when processing Mullin's claims would be vague and unenforceable. (Doc. 40 at 7.) The Court agrees. *See Ramos v. United Omaha Life Ins. Co.*, 2013 WL 60985, at

**C. Surcharge**

Finally, Mullin alleges that she is entitled to a surcharge to compensate her for financial harms resulting from delayed benefits payments. Equitable relief may take the form of a surcharge, or monetary compensation for loss resulting from a fiduciary's breach of duty or to prevent the fiduciary's unjust enrichment. *Gabriel*, 773 F.3d at 957. That a surcharge takes the form of monetary compensation does not remove it from the scope of appropriate equitable relief. "[T]he beneficiary can pursue the remedy that will put the beneficiary in the position . . . she would have attained but for the trustee's breach." *Gabriel*, 773 F.3d at 958 (internal quotations omitted).

Nor is it certain that this relief is duplicative of the remedy provided by § 1132(a)(1)(B); retroactive reinstatement of benefits does not account for financial harms such as credit damage, late fees, interest, and other penalties on Mullin's past due debts. It is conceivable that past due benefits, prejudgment interest, and attorneys' fees will be inadequate to put Mullin in the position she would have been in but for Omaha's alleged fiduciary misconduct. At the pleading stage, the Court is unable to conclude that Mullin's § 1132(a)(3) claim for a surcharge is impermissibly duplicative of her claim for benefits because, without factual development, the Court cannot determine whether Mullin's financial harm exceeds the relief available to her under § 1132(a)(1)(B).[6] *See Braun*, 2014 WL 3339795, at *3 ("It is conceivable that Plaintiff could prove that she is

---

*8 (N.D. Cal. Jan. 3, 2013) (finding that such an injunction would be unworkable because it provides "no clear or enforceable standard" for determining when medical reviewers or consultants are biased). But Mullin's requested injunctive relief is not limited to prohibiting biased reviewers. Moreover, Mullin might be able to clarify or refine her requested injunctive relief after factual development. Accordingly, the Court will not dismiss Count II on this basis.

[6] Notably, both *Gabriel* and *Rochow* were decided at the summary judgment stage. *Gabriel*, 773 F.3d at 964 ("On remand, the district court must determine whether the surcharge remedy is 'appropriate equitable relief' in this context, and if so, whether Gabriel has alleged a remedial wrong that can survive the Fund's motion for summary judgment." (internal citation omitted)); *Rochow*, 780 F.3d at 372 (finding, on appeal from district court's summary judgment order, that equitable relief was inappropriate because "there is no showing that the benefits recovered by Rochow, plus the attorney's fees award, plus the prejudgment interest that *may* be awarded on remand, are inadequate to make Rochow whole.").

1 entitled to an award of past and future benefits under § 1132(a)(1)(B) and additional
2 monetary damages under §1132(a)(3) for breach of fiduciary duty.").

### III. Stay of Discovery

During oral argument, counsel for Omaha requested that, if its motion is denied, the Court stay discovery on Count II until the Court determines whether Mullin is entitled to LTD benefits. Interests in the timely and efficient resolution of cases weigh against such a stay. Omaha's request is denied.

### CONCLUSION

Mullin's § 1132(a)(3) fiduciary misconduct claim is based on the same injury as her § 1132(a)(1)(B) claim for wrongfully denied benefits. However, the equitable relief she seeks is distinct from past due benefits, and she alleges that the available legal remedies are inadequate to make her whole. Accordingly, Mullin may pursue both claims, "keeping in mind that she is not entitled to relief . . . where ERISA elsewhere provides an adequate remedy." *Talbot v. Reliance Standard Life Ins. Co.*, 2015 WL 4134548, at * 16 (D. Ariz. June 18, 2015). In addition to proving that Omaha engaged in fiduciary misconduct, Mullin ultimately will bear the burden of establishing that (1) she is entitled to LTD benefits, (2) those benefits, attorneys' fees, and any appropriate prejudgment interest are inadequate to make her whole, and (3) her requested equitable relief is appropriate. "[A]fter further factual development, . . . it may turn out that it is not appropriate to provide equitable relief beyond that provided for in §1132(a)(1)(B) under the carefully integrated civil enforcement provisions that Congress enacted in ERISA." *Id.* (internal citation and quotation omitted). At this stage, however, Mullin has adequately pled a § 1132(a)(3) fiduciary misconduct claim that is not clearly duplicative of her § 1132(a)(1)(B) claim for wrongfully denied benefits. Accordingly,

//
//
//
//

**IT IS ORDERED** that Omaha's motion to dismiss, (Doc. 20), is **DENIED**.

Dated this 11th day of January, 2016.

Douglas L. Rayes
United States District Judge